# **EXHIBIT A**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
-----------------------------------------------------------------X

**MINA L. AZIMOV,**
**ON BEHALF OF HERSELF AND ALL OTHERS**
**SIMILIARLY SITUATED,**

       **Plaintiff(s),**

   -against-

**ESTATE INFORMATION SERVICES, LLC**
**D/B/A EIS COLLECTIONS**
**AND NAVIENT SOLUTIONS, LLC,**

       **Defendant(s).**

-----------------------------------------------------------------X

**Index No.:**

**SUMMONS**

Plaintiff designates
NEW YORK County
as the place of trial

The basis of the venue is
Plaintiff's residence

**To the above named Defendant(s):**

   **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and

to serve a copy of your answer, or, if the complaint is not served with this summons, to

serve a notice of appearance on the plaintiff's attorney within 20 days after the service of

this summons, exclusive of the day of service (or within 30 days after the service is

complete if this summons is not personally delivered to you within the State of New

York); and in case of your failure to appear or answer, judgment will be taken against

you by default for the relief demanded in the complaint.

**Dated: March 26, 2018**

**By: Simon Goldenberg**
**Law Office of Simon Goldenberg PLLC**
*Attorney(s) For Plaintiff*
**818 East 16th Street**
**Brooklyn, NY, 11230**
**Tel. (347) 640-4357**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------X

MINA L. AZIMOV,
ON BEHALF OF HERSELF AND ALL OTHERS
SIMILIARLY SITUATED,

                    **Plaintiff(s),**

                  **-against-**

ESTATE INFORMATION SERVICES, LLC
D/B/A EIS COLLECTIONS
AND NAVIENT SOLUTIONS, LLC,

                  **Defendant(s).**

--------------------------------------------------------------------X

**Index No.:**

**COMPLAINT**
**CLASS ACTION AND**
**DEMAND FOR JURY**
**TRIAL**

        Plaintiff, **MINA L. AZIMOV, ON BEHALF OF HERSELF ALL OTHERS SIMILARLY SITUATED** (hereinafter referred to as "Plaintiff"), by and through her attorneys, Law Office of Simon Goldenberg, PLLC, complaining of the Defendant, hereby alleges as follows:

        1.    Plaintiff, MINA L. AZIMOV, a New York resident, brings this Class Action Complaint under Article 9 of the New York CPLR alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter the "FDCPA") and the New York General Business Law § 349 (hereinafter referred to as "NYGBL").

<u>**JURISDICTION AND VENUE**</u>

        2.    This Court has jurisdiction of this case pursuant to CPLR 301 and/or CPLR 302(1).

        3.    Venue is proper per CPLR 503 and 509.

<u>**PARTIES**</u>

        4.    Plaintiff, MINA L. AZIMOV, is a natural person residing in New York County, New York.

        5.    Defendant ESTATE INFORMATION SERVICES, LLC D/B/A EIS COLLECTIONS (hereinafter referred to as "EIS") is a collection agency regularly engaging in the business of collecting debts in this State with its principal place of business located at 670 Morrison Road, Suite 300, Gahanna, Ohio 43230. The principal

2

purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due to another.

6.    Defendant EIS attempted to collect a debt allegedly owed by Plaintiff relating to a Student Loan allegedly owed to Defendant Navient Solutions, LLC (hereinafter referred to as "Navient") and falls within the definition of "debt" for the purposes of 15 U.S.C. § 1692(a)(5).

7.    Navient is a Delaware limited liability company with its principal place of business located at 2001 Edmund Halley Drive, Reston, VA 20190. EIS and Navient are hereinafter referred to as "Defendants" unless otherwise stated.

8.    EIS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

9.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## CLASS ALLEGATIONS

10.    Plaintiff brings this action on behalf of a class, pursuant to NY CPLR Article 9.

11.    The class consists of all natural persons who, between September 10, 2016 and the present, received a letter from EIS that 1) contains a misstatement concerning the alleged balance; or 2) fails to disclose that interest is accruing on the account.

12.    The class members are so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members.

13.    There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

14.    The predominate common question is whether EIS, and Navient through EIS, violated the FDCPA and NYGBL through EIS' letters.

15.    Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

16.    A class action is the superior means of adjudicating this dispute.

17.    Individual cases are not economically feasible.

## FACTS CONCERNING PLAINTIFF

18.    In an attempt to collect the purported debt, EIS sent Plaintiff two letters each dated October 10, 2017. The same is attached as **Exhibit A**.

19.    The first letter appears to give Plaintiff notice that her account has been charged-off (hereinafter referred to as "charge-off letter") and the second letter appears to

be an initial collection letter (hereinafter referred to as "collection letter"). Both letters appear to be concerning reference number "1000345626."

20.     The letters were written on EIS' letterhead and both list the "Creditor Name" as "Navient."

21.     The charge-off letter lists the "Total due as of charge-off" as $25,503.47, "Total interest accrued since charge-off" as $5,272.87, "Total non-interest charges or fees accrued since charge-off" as $.00, and "Total payments made since charge-off" as $5,579.88. Upon information and belief, these numbers taken together would calculate the total current balance as $25,196.46. However, the letter lists the "Total Balance" as $25,204.43.

22.     Upon information and belief, either the "Total Balance" is incorrect, or the "Total due as of charge-off," "Total interest accrued since charge-off," "Total non-interest charges or fees accrued since charge-off" and "Total payments made since charge-off" are incorrect, or all are incorrect.

23.     Nonetheless, this inaccuracy, upon information and belief, was misleading to the Plaintiff, as it would be to the "least sophisticated consumer," and furthermore misstates the character and amount of the alleged debt, in violation of the FDCPA and NYGBL.

24.     Additionally, the collection letter lists the "Total Balance" as the same potentially incorrect amount of $25,204.43, and the bottom of the collection letter lists the "Amount Due" as the same potentially incorrect amount of $25,204.43, in further violation of the FDCPA and NYGBL.

25.     Furthermore, upon information and belief, interest is accruing on the account. However, the letter failed to disclose that the balance may increase due to interest and fees.

26.     Upon information and belief, Plaintiff understood the letter and believed and expected, as would the "least sophisticated consumer," that payment of the balance stated in the letter would satisfy the account.

27.     EIS' failure to disclose that the balance may increase due to interest and fees is deceptive and misleading to the least sophisticated consumer, in violation of the FDCPA and the NYGBL.

28.     The charge-off letter additionally provides a "Total interest accrued since charge-off" as $5,272.87 and "Interest" as $2,376.15.

29.     Upon information and belief, this discrepancy was confusing to Plaintiff, as it would be to the "least sophisticated consumer," in violation of the FDPCA and NYGBL.

30.     On or about January 8, 2018, Plaintiff received a settlement offer letter from EIS. The same is attached as **Exhibit B**.

31.    Upon information and belief, the "total balance" provided on the letter of $25,193.80 is incorrect, in violation of the FDPCA and NYGBL.

32.    Additionally, the bottom of the letter lists the "amount due" as $11,347.28. Upon information and belief, this inaccuracy, was misleading and confusing to the Plaintiff, as it would be to the "least sophisticated consumer," and furthermore misstates the character and amount of the alleged debt, in violation of the FDCPA and NYGBL.

33.    On or about February 15, 2018, Plaintiff received an interest rate reduction offer letter from EIS. The same is attached as **Exhibit C**.

34.    The letter lists the "current interest rate" as 0.045%. However, the letter fails to state how often interest is assessed to the account.

35.    Upon information and belief, the "current interest rate" as provided is inaccurate and furthermore was misleading and confusing to the Plaintiff, as it would be to the "least sophisticated consumer," and furthermore misstates the character and amount of the alleged debt, in violation of the FDCPA and NYGBL.

36.    On or about March 9, 2018, Plaintiff received a second settlement offer letter from EIS. The same is attached as **Exhibit D**.

37.    Upon information and belief, the "total balance" provided on the letter of $25,455.36 is incorrect, in violation of the FDPCA and NYGBL.

38.    Additionally, the bottom of the letter lists the "amount due" as $10,192.28. Upon information and belief, this inaccuracy, was misleading and confusing to the Plaintiff, as it would be to the "least sophisticated consumer," and furthermore misstates the character and amount of the alleged debt, in violation of the FDCPA and NYGBL.

39.    EIS knew or should have known that its actions violated the FDCPA and NYGBL. Additionally, EIS could have taken the steps necessary to bring its actions within compliance with the FDCPA and NYGBL, but neglected to do so, and failed to adequately review its actions to ensure compliance with said laws.

40.    At all times pertinent hereto, EIS was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of EIS herein.

41.    Plaintiff is informed and believe, and on that basis alleged, that at all times relevant to the collection of the above-referenced obligations, there existed a principal-agent relationship between EIS on the one-hand, and NAVIENT on the other hand.

42.    Plaintiff is informed and believe, and on that basis allege, that at all times relevant to the collection of the above-referenced obligation, EIS was also the agent for NAVIENT, acting within the course and scope of its employment at the time of the incidents complained of herein, and was at all times under the direct supervision, instruction, control, and approval of NAVIENT.

43.     Plaintiff is informed and believe, and on that basis allege, that at all times relevant to the collection of the above-referenced obligation, NAVIENT directed and controlled the manner and means by which EIS attempted to collect debts from Plaintiff and the class members.

44.     As such, NAVIENT are vicariously liable for the actions of its agent in violation of the NYGBL.

45.     As a result of the Defendants' conduct, Plaintiff has sustained actual damages including, but not limited to: nervousness; fear; worry; fright; shock; humiliation and intimidation.

<u>**AS AND FOR A FIRST CAUSE OF ACTION**</u>
(Fair Debt Collection Practices Act)

46.     Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs.

47.     The above contacts between EIS and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

48.     EIS violated provisions of the FDCPA, including, but not limited to, the following:

> The FDCPA § 1692e prohibits any false, deceptive, or misleading means to collect a debt. § 1692e(2) prohibits the false representation of the character, amount or legal status of any debt. § 1692e(10) prohibits any false representation or deceptive means to collect a debt. § 1692g(a)(1) requires a collection letter to state clearly the amount of the debt.

49.     By listing a potentially incorrect "Total due as of charge-off," "Total interest accrued since charge-off," "Total non-interest charges or fees accrued since charge-off," "Total payments made since charge-off" or "Total Balance" on the charge off letter, and again listing the potentially incorrect "Amount Due" on the collection letter EIS falsely represented the amount of the purported debt, and misled the Plaintiff of the same, in violation of the FDCPA.

50.     By failing to disclose that the balance may increase due to interest and fees, EIS failed to clearly state the amount due on the collection letter, and furthermore misled the Plaintiff, in violation of the FDCPA.

51.     By providing disparate information concerning interest on the charge-off letter, EIS misled Plaintiff, in violation of the FDCPA.

52.     By providing an inaccurate "total balance" and "amount due" on both settlement offer letters, EIS misstated the balance, and additionally misled Plaintiff in violation of the FDCPA.

53.     By listing the "current interest rate" as 0.045% on the interest rate reduction offer letter, EIS misled the consumer and further misstated the character and amount of the alleged debt, in violation of the FDCPA.

6

54.     As a result of the above violations of the FDCPA, EIS is liable to Plaintiff for actual damages, statutory damages which can be up to $1,000.00, attorney's fees and costs.

## AS AND FOR A SECOND CAUSE OF ACTION
### (New York General Business Law Section 349)

55.     Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

56.     NYGBL § 349 declares unlawful deceptive acts or practices in the conduct of any business, trade or commerce, or in the furnishing of any service of this state.

57.     At all times material to this complaint, Defendants' deceptive acts and practices that gave rise to the claims herein occurred while Defendants conducted its business of collecting consumer debts. Deceptive acts and practices in the context of consumer-debt collection is a recognizable cause of action.

58.     Across New York State, NYGBL § 349 has been found broad enough to include debt collection and other post-sale acts, and several courts have applied the statute to debt collection.

59.     The conduct complained of in this complaint occurred during, and in furtherance of, Defendants' for-profit business enterprise of pursuing consumers for alleged defaulted debt obligation.

60.     Defendants' acts and practices have been directed entirely at consumers. Defendants' acts and practices have a broad impact on the New York consuming public and the courts of the State of New York.

61.     Defendants' collection acts are part of a recurring practice against large numbers of consumers in furtherance of its business model of increasing debt volume while decreasing the costs of each case, thus enhancing profitability.

62.     Defendants' offending collection practices have the capacity and tendency to deceive and mislead a significant percentage of consumers in a material way because they deprive consumers of state and federal rights and protections. These acts contribute to an increasing number of personal bankruptcies, and lead to marital instability and job loss, all of which are significant social concerns that applicable federal and state consumer protection laws were designed to prevent.

63.     The acts and omissions complained of in this complaint under the preceding cause of action amount to "deceptive acts and practices" as defined under NYGBL § 349 and the case law interpreting it.

64.     Some or all of the FDCPA violations alleged in this complaint amount to *per se* violations of NYGBL § 349.

65.     Additionally, Navient is vicariously liable for the actions of their agent EIS.

66.     As a result of these violations of NYGBL § 349, the plaintiff is entitled to an injunction barring Defendants from engaging in deceptive acts and practices, and to recover actual damages set forth in this complaint, three times the actual damages up to $1,000, costs and reasonable attorneys' fees pursuant to NYGBL § 349(h).

67.     As a result of the violations, Plaintiff suffered actual damages as set forth below.

## PLAINTIFF'S ACTUAL DAMAGES

68.     As a result of the violations, Plaintiff suffered actual damages, which include but are not limited to shock, embarrassment, fear, worry, confusion, intimidation, nervousness, loss of privacy, loss of tranquility, and indignation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

a) Certify this action as a class action and appoint Plaintiff as a Class Representative of the Class, and his attorneys as Class Action;

b) Find that the EIS' actions violate the FDCPA;

c) Find that the Defendants actions violate NYGBL.

d) Grant an award of statutory damages for Plaintiffs and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

e) Grant actual damages resulting from emotional distress, stress, and confusion in an amount to be determined at trial;

f) Grant Plaintiff's attorney's fees pursuant to 15 U.S.C. § 1692k;

g) Grant Plaintiff's costs; together with

h) Such other and further relief as may be just and proper.

Dated: Brooklyn, New York
March 26, 2018

**Law Office of Simon Goldenberg, PLLC**
*Attorneys for Plaintiff*

BY: Simon Goldenberg, Esq.
**818 East 16th St.**
**Brooklyn, NY 11230**
**P: (347) 640-4357**
**F: (347) 472-0347**

**To:**
**Estate Information Services, LLC D/B/A EIS Collections**
**670 Morrison Road**
**Suite 300**
**Gahanna, Ohio 43230**

**Navient Solutions, LLC**
**2001 Edmund Halley Drive**
**Reston, VA 20190**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

------------------------------------------------------------------X

**MINA L. AZIMOV,**
**ON BEHALF OF HERSELF AND ALL OTHERS**
**SIMILARLY SITUATED,**

Index No.:

**Plaintiff(s),**

-against-

**ESTATE INFORMATION SERVICES, LLC**
**D/B/A EIS COLLECTIONS**
**AND NAVIENT SOLUTIONS, LLC,**

**Defendant(s).**

------------------------------------------------------------------X

COMPLAINT-CLASS ACTION

Law Office of Simon Goldenberg PLLC

*Attorney(s) for*

**MINA L. AZIMOV**
*Plaintiff(s)*

818 East 16th Street
Brooklyn NY 11230
347-640-4357

# EXHIBIT

# A

**Estate Information Services, LLC dba**
**EIS Collections**
PO Box 1370
Reynoldsburg, OH 43068



estate information services, llc.

Hours: M-T 8am-9pm, W-Th 8am-7pm, F 8am-5pm EST

---

Toll Free: (877) 355-0772    Phone: (614) 729-1755    Fax: (614) 552-5755    www.eis-collections.com

---

10/10/2017

C-3  ||||,|,|,|,|,|,||||,|,|,|,||,|,||,|,||||,|,|,||||||,|,|,||

MINA L AZIMOV
74 Leonard St Apt 5C
New York, NY 10013-3437

| | |
|---|---|
| Principal Balance | $22,828.28 |
| Interest | $2,376.15 |
| Collection Costs | $0.00 |
| Other Charges | $0.00 |
| Unapplied | $0.00 |
| Total Balance | $25,204.43 |

RE  Creditor Name: Navient
Debtor: MINA L AZIMOV
Loan Number: **********0101
Loan Type: STUDENT LOAN HE

Reference #: 1000345626

Dear Sir or Madam:

This letter is to inform you that the Navient loan referenced above has been charged-off. The State of New York requires us to inform you of the following:

| | | |
|---|---|---|
| 1. | Total due as of charge-off | $25,503.47 |
| 2. | Total interest accrued since charge-off | $5,272.87 |
| 3. | Total non-interest charges or fees accrued since charge-off | $0.00 |
| 4. | Total payments made since charge-off | $5,579.88 |

**This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.**

Sincerely,

Estate Information Services, LLC dba
EIS Collections

cc: Erik Preston

**Estate Information Services, LLC dba**
**EIS Collections**
PO Box 1370
Reynoldsburg, OH 43068



estate information services, llc.

Hours: M-T 8am-9pm, W-Th 8am-7pm, F 8am-5pm EST

---

Toll Free: (877) 355-0772     Phone: (614) 729-1755     Fax: (614) 552-5755     www.eis-collections.com

---

10/10/2017

C-3 [barcode]

MINA L AZIMOV
74 Leonard St Apt 5C
New York, NY 10013-3437

| | |
|---|---|
| Principal Balance | $22,828.28 |
| Interest | $2,376.15 |
| Collection Costs | $0.00 |
| Other Charges | $0.00 |
| Unapplied | $0.00 |
| Total Balance | $25,204.43 |

RE  Creditor Name: Navient
    Debtor: MINA L AZIMOV
    Loan Number: \*\*\*\*\*\*\*\*\*\*0101
    Loan Type: STUDENT LOAN HE

Reference #: 1000345626

Dear Sir or Madam:

EIS Collections has been hired by Navient to assist in resolving your defaulted student loan referenced above.

We would appreciate you calling us at our toll-free number listed above to discuss resolution.

Please be advised of the following, all of which we are required by law to disclose to you:

*Unless, within thirty (30) days after receipt of this notice you dispute the validity of the debt, or any portion thereof, we will assume the debt is valid. If you notify us in writing within said 30 days that the debt or any portion thereof is disputed, we will obtain verification of the debt and we will mail such verification to you. In addition, upon your written request within said 30 days, we will provide the name and address of the original creditor if different from the current creditor.*

**This is an attempt to collect a debt and any information obtained will be used for that purpose.  This communication is from a debt collector.**

Sincerely,

Estate Information Services, LLC dba
EIS Collections

cc: Erik Preston

--------------------------------------------------**Cut along this line**--------------------------------------------------

**Please Make Check Payable To:**
   Navient

**Mail Payment To:**
  EIS Collections
  PO Box 1370
  Reynoldsburg, OH 43068

Debtor Name: MINA L AZIMOV
Reference #: 1000345626
Amount Due: $25,204.43

estate information services, llc.

## SPECIAL STATE DISCLOSURES

The business hours for Estate Information Services, LLC are M-T 8am-9pm, W-Th 8am-7pm, F 8am-5pm EST. This agency may be contacted using the following phone numbers: (614) 729-1755; toll free (877) 355-0772; fax (614) 552-5755 or by email at contact@eismgmt.com.

### *IMPORTANT INFORMATION*

Under the law we are required to notify you of the following information. This list does not include a complete list of rights consumers have under State and Federal laws.

## CALIFORNIA RESIDENTS

**California SB 1022 states:**

"The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."

## COLORADO RESIDENTS

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.coag.gov/car. Colorado H.B 1240 states that a consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. The resident manager is Colorado Manager, Inc. The address is 80 Garden Center, Building B, Suite 3 Broomfield, CO 80020; they can be contacted at (303) 920-4763.

## MASSACHUSETTS RESIDENTS

NOTICE OF IMPORTANT RIGHTS: You have the right to make written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation or the request is postmarked or delivered within seven days of such request. You may terminate this request by writing to Estate Information Services, LLC dba EIS Collections, PO Box 1370, Reynoldsburg, OH 43068. Hours of operation are: M-T 8am-9pm, W-Th 8am-7pm, F 8am-5pm EST. (Mass Regs. Code Tit 209, Section 18.14.)

## MINNESOTA RESIDENTS

**This collection agency is licensed by the Minnesota Department of Commerce.**

## NEW YORK CITY RESIDENTS

The license number for Estate Information Services, LLC issued by the New York City Department of Consumer Affairs is: 1216912. To discuss this matter, please contact Danielle Banner at (877) 355-0772.

## NEW YORK STATE RESIDENTS

Debt collectors, in accordance with the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:
(1) the use or threat of violence;
(2) the use of obscene or profane language; and
(3) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

State Disclosures Continued on Reverse

## NORTH CAROLINA RESIDENTS
The permit number assigned to Estate Information Services, LLC by the State of North Carolina is: 4138

## TENNESSEE RESIDENTS
The license number issued to Estate Information Services, LLC by the State of Tennessee Collection Service Board of the Department of Commerce and Insurance is: 00001179.

## WISCONSIN RESIDENTS
Estate Information Services, LLC has been issued an exemption from licensing by the State of Wisconsin, dated February 17, 2006.

# EXHIBIT
# B

**Estate Information Services, LLC dba**
**EIS Collections**
PO Box 1370
Reynoldsburg, OH 43068



estate information services, llc.
Hours: M-T 8am-9pm, W-Th 8am-7pm, F 8am-5pm EST

Toll Free: (877) 355-0772          Fax: (614) 552-5755          www.eis-collections.com

01/08/2018

C-2

MINA L AZIMOV
74 Leonard St Apt 5C
New York, NY 10013-3437

| Principal Balance | $22,828.28 |
|---|---|
| Interest | $2,387.88 |
| Collection Costs | $0.00 |
| Other Charges | $0.00 |
| Unapplied | $0.00 |
| Total Balance | $25,193.80 |

RE  Creditor Name: Navient
      Debtor: MINA L AZIMOV
      Loan Number: **********0101                    Reference #: 1000345626
      Loan Type: STUDENT LOAN HE

Dear Sir or Madam:

Navient has authorized EIS Collections to offer you a settlement on your defaulted student loan in the amount of
$11,347.28. This is a savings of $13,868.88 to you. To take advantage of this offer, payment must be received on or
before 01/29/2018.

Upon receipt and clearing of all payments, the loan will be considered settled and no further efforts will be made to
collect any remaining balance.

We suggest you take advantage of this opportunity as we are not obligated to renew this offer.

**This is an attempt to collect a debt and any information obtained will be used for that purpose.  This**
**communication is from a debt collector.**

**Calls to or from this company may be monitored and recorded for quality assurance.**

Sincerely,

Estate Information Services, LLC dba
EIS Collections

cc: Erik Preston

New York City Department of Consumer Affairs License Number 1216912
----------------------------------------------Cut along this line-----------------------------------------------
**Please Make Check Payable To:**
    Navient

**Mail Payment To:**
    EIS Collections                    Debtor Name: MINA AZIMOV
    PO Box 1370                        Reference #: 1000345626
    Reynoldsburg, OH 43068             Amount Due: $11,347.28

estate information services, llc.

# EXHIBIT

# C

**Estate Information Services, LLC dba**
**EIS Collections**
PO Box 1370
Reynoldsburg, OH 43068



estate information services, llc.

Hours: M-T 8am-9pm, W-Th 8am-7pm, F 8am-5pm EST

Toll Free: (877) 355-0772     Fax: (614) 552-5755                www.eis-collections.com

02/15/2018

C-2

MINA L AZIMOV
74 Leonard St Apt 5C
New York, NY 10013-3437

| | |
|---|---|
| Principal Balance | $22,828.28 |
| Interest | $2,494.83 |
| Collection Costs | $0.00 |
| Other Charges | $0.00 |
| Unapplied | $0.00 |
| Total Balance | $25,323.11 |

RE Creditor Name:   Navient
    Debtor:   MINA L AZIMOV
    Account Number:   **********0101                Reference #: 1000345626
    Account Type:   STUDENT LOAN HE

Our client, Navient, the creditor of your student loan, has established a program that provides borrowers and co-borrowers having the ability to make regular monthly payments an opportunity to reduce their interest accural rate to 0.001%[1] while in repayment.

Your current interest rate is 0.045%.

If you could benefit from a low-monthly payment and seeing a faster reduction of your principle balance, please contact our office at (877) 355-0772 and speak with one of our associates to learn more about the reduced interest rate program.

Note: If repayment of this balance has already been made, please notify our office at (877) 355-0772 to avoid further communications.

**This is an attempt to collect a debt and any information obtained will be used for that purpose.  This communication is from a debt collector.**

Sincerely,

Estate Information Services, LLC dba
EIS Collections

cc: Erik Preston

New York City Department of Consumer Affairs License Number 1216912

[1] Restrictions apply. Call for details.

Case 1:18-cv-03594-JMF    Document 1-1    Filed 04/23/18    Page 20 of 21

# EXHIBIT

# D

**Estate Information Services, LLC dba**
**EIS Collections**
PO Box 1370
Reynoldsburg, OH 43068



estate information services, llc.

Hours: M-T 8am-9pm, W-Th 8am-7pm, F 8am-5pm EST

| Toll Free: (877) 355-0772 | Fax: (614) 552-5755 | www.eis-collections.com |

C-3

03/09/2018

MINA L AZIMOV
74 Leonard St Apt 5C
New York, NY 10013-3437

| | |
|---|---|
| Principal Balance | $22,828.28 |
| Interest | $2,652.41 |
| Collection Costs | $0.00 |
| Other Charges | $0.00 |
| Unapplied | $0.00 |
| Total Balance | $25,455.36 |

RE Creditor Name: Navient
    Debtor: MINA L AZIMOV
    Loan Number: ***********0101
    Loan Type: STUDENT LOAN HE

Reference #: 1000345626

Dear Sir or Madam:

Navient has authorized EIS Collections to offer you a settlement on your defaulted student loan in the amount of $10,192.28. This is a savings of $15,288.41 to you. To take advantage of this offer, payment must be received on or before 03/28/2018.

Upon receipt and clearing of all payments, the loan will be considered settled and no further efforts will be made to collect any remaining balance.

We suggest you take advantage of this opportunity as we are not obligated to renew this offer.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

Calls to or from this company may be monitored and recorded for quality assurance.

Sincerely,

Estate Information Services, LLC dba
EIS Collections

cc: Erik Preston

New York City Department of Consumer Affairs License Number 1216912
----------------------------------------Cut along this line----------------------------------------

Please Make Check Payable To:
Navient

Mail Payment To:
EIS Collections
PO Box 1370
Reynoldsburg, OH 43068

Debtor Name: MINA AZIMOV
Reference #: 1000345626
Amount Due: $10,192.28

estate information services, llc.